IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PETER MERGENTHALER, | : |
| | : Civil Action No. |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ENZOLYTICS, INC., A DELAWARE CORPORATION, SUCCESSOR IN INTEREST TO ECO PETROLEUM SOLUTIONS, INC., A DELAWARE CORPORATION, SUCCESSOR IN INTEREST TO STRUCTURAL ENHANCEMENTS, INC. A DELAWARE CORPORATION, | : : : : : : : : |
| Defendant. | |

## COMPLAINT

Plaintiff, Peter Mergenthaler, ("Mergenthaler" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Enzolytics, Inc. ("ENZC" or "Defendant"), hereby alleges as follows:

### PARTIES

1. Mergenthaler is an individual residing in the State of Connecticut. For diversity purposes, therefore, Mergenthaler is a citizen of the State of Connecticut.

2. ENZC is a corporation organized and existing under the laws of the State of Delaware, with, upon information and belief, its principal place of business

1

at 2000 North Sentra Express Way, Plano, Texas 75074.  For diversity purposes, therefore, ENZC is a corporate citizen of the States of Delaware and Texas.

3. ENZC is the successor in interest to ECO Petroleum Solutions, Inc., ("ECOP") a former Delaware Corporation.

4. ECOP is the successor in interest to Structural Enhancement Technologies Corporation ("SETC") a former Delaware Corporation.

## JURISDICTION AND VENUE

5. Mergenthaler's claim is for the reissuance of 10,000,000 ENZC shares owned by him (sometimes hereafter referred to as "Mergenthaler's ENZC Shares") which have a value in excess of $75,000, exclusive of costs and interest, and there is complete diversity of citizenship between the parties.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1).

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) as the Defendant is a Delaware corporation.

## BACKGROUND FACTS

8. Plaintiff restates and realleges paragraphs 1 through 7.

9. Mergenthaler has continuously owned the 10,000,000 ENZC Shares, which are the subject matter of this litigation.

10. Mergenthaler acquired said 10,000,000 ENZC Shares incident to a series of mergers and re-organizations leading up to ENZC's creation.

11. ENZC's genesis is with a United Kingdom corporation operating under the aegis of T and T Homes Limited which was incorporated on July 28, 2004. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

12. On November 25, 2004, T and T Homes Limited changed its name to Falcon Media Services, Ltd. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

13. On November 12, 2008. Falcon Media Services, Ltd. changed its name to Extreme Mobile Coatings Corp., Ltd. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

14. On March 2, 2009, Extreme Mobile Coatings Corp., Ltd. changed its name to Extreme Mobile Coatings Worldwide Corp. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

15. On May 19, 2010, Extreme Mobile Coatings Worldwide Corp changed its name to Structural Enhancement Technologies Corp. *See,* Ex. A, ENZC's March

31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

16. On November 16, 2012, SETC changed its name to Eco-Petroleum Solutions, Inc. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

17. On January 30, 2018, Eco-Petroleum Solutions, Inc. changed its name to Enzolytics, Inc. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

18. Morgan Petitti, Esq., ENZC's securities counsel, has opined that SETC shares are the same as ENZC shares. *See,* Ex. B, Morgan Petitti, Esq.'s March 11, 2021 e-mail without attachments addressed to markkallenbach@comcast.net.

19. Mergenthaler owned 10,000,000 SETC that became ECOP shares and finally ENZC shares.

20. Nevada Agency and Trust Company ("NATCO") is ENZC's transfer agent. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

21. NATCO'S July 9, 2021 Holding Statement for Mergenthaler reveals that as of February 12, 2015, Mergenthaler is the registered owner of 10,000,000 ENZC Shares. *See,* Ex. C, NATCO'S July 9, 2021 Holding Statement for Mergenthaler's holdings.

22. Upon information and belief, beginning in early February 2015, James W. Zimbler ("Zimbler") engaged in a scheme to convert Mergenthaler's ENZC Shares to his ownership.

23. The signature on a February 5, 2015 letter addressed to Tiffany Baxter at NATCO directing the distribution of Mergenthaler's ENZC shares bears Mergenthaler's signature, but the signature is not Mergenthaler's. *See,* Ex. D, Mergenthaler's May 21, 2021 Affidavit Regarding the Fraudulent Transfer of 10,000,000 of his ECOP Shares and Ex. A appended thereto.

24. On February 10, 2015 Morgan Petitti opined that the "144 restriction" on Mergenthaler's ECOP shares could be removed. *See,* Ex. E, Morgan Petitti, Esq. February 10, 2015 144 opinion letter.

25. Upon information and belief, on February 12, 2015, Zimbler secured a "medallion guarantee" on Stock Power bearing Mergenthaler's signature from a Chase Bank branch located in the "Hamptons" in New York. The signature on the Stock Power is not Mergenthaler's. *See,* Ex. D, Mergenthaler's May 21, 2021 Affidavit Regarding the Fraudulent Transfer of 10,000,000 his ECOP Shares, and Ex. B appended thereto.

26. Relying on attorney Morgan Petitti, Esq.'s February 10, 2015 opinion letter and Chase Bank's medallion guarantee, NATCO distributed Mergenthaler's

10,000,000 ECOP Shares as requested by Zimbler to the parties in the amounts which follow:

| | |
|---|---|
| Sage Market Advisors | 2,500,000 shares |
| OMS Consulting, Inc. | 1,500,000 shares |
| M. Lamar Outz | 1,000,000 shares |
| American Asset Management Services Corp. | 5,000,000 shares |

27. On January 13, 2021 and January 22, 2021, Mergenthaler's attorney wrote to ENZC requesting that ENZC reissue to Mergenthaler 10,000,000 ECOP, now ENZC, shares that Zimbler converted.

28. ENZC did not respond to Mergenthaler's attorney's request to issue said 10,000,000 ENZC shares to Mergenthaler.

29. Thereafter, Mergenthaler's attorney wrote to Morgan Petitti, Esq. and Matthew Stout, Esq. as it was believed that they represented ENZC requesting issuance of the 10,000,000 shares belonging to Mergenthaler.

30. Attorneys Petitti and Stout informed Mergenthaler's attorney that they did not have authority from ENZC to address the matter of issuing Mergenthaler's 10,000,000 ENZC shares to him.

31. Mergenthaler's attorney then tried to convince NATCO to reissue his 10,000,000 ENZC shares to him.

32. NATCO advised Mergenthaler's attorney that it could not reissue his 10,000,000 ENZC shares to him because it did not have ENZC's consent to do so.

*See,* Ex. F, Amanda Cardinalli, NATCO's president's May 17, 2021 e-mail addressed to markkallenbach@comcast.net.

33. Mergenthaler's attorney then noticed a claim against Chase Bank for its failure to ensure that Mergenthaler's signature was genuine.

34. Chase Bank replied that any claim related to a Chase Bank medallion signature guarantee must be submitted by an Agent or Issuer as defined in the Kemark STAMP Indemnity Agreement for Financial Institution Enrollees. *See,* Ex. G, Sondra Simmons, a Chase Bank vice president and its legal counsel's June 15, 2021 e-mail addressed to markkallenbach@comcast.net.

35. 5A Del. C. 1953, §§ 8-405**.** Replacement of lost, destroyed, or wrongfully taken security certificate, provides that:

> **(a) If an owner of a certificated security, whether in registered or bearer form, claims that the certificate has been lost, destroyed, or wrongfully taken, the issuer shall issue a new certificate if the owner**:
>
> (1) so requests before the issuer has notice that the certificate has been acquired by a protected purchaser;
>
> (2) files with the issuer a sufficient indemnity bond; and
>
> (3) satisfies other reasonable requirements imposed by the issuer.
>
> (b) If, after the issue of a new security certificate, a protected purchaser of the original certificate presents it for registration of transfer, the issuer shall register the transfer unless an overissue would result. In that case, the issuer's liability is governed by Section 8-210. In addition to any rights on the indemnity bond, an issuer may recover the new certificate from a person to whom it was issued or any person taking under that person, except a protected purchaser.

(emphasis added)

36. Mergenthaler first learned of Zimbler's conversion of his ECOP shares in 2018, long after the February 2015 conversion of his ECOP shares.

37. The § 8-405(a)(2) indemnity bond is not required of Mergenthaler because Zimbler was ECOP's vice president and a director of the company, thereby putting ECOP on notice of Zimbler's fraudulent transfer of Mergenthaler's shares.

38. Zimbler resigned his position at ECOP on July 6, 2015, after the conversion of Mergenthaler's 10,000,000 ECOP shares. *See,* Ex. H, Zimbler's July 6, 2015 resignation letter.

39. The § 8-405(a)(2) indemnity bond is not required of Mergenthaler because ENZC has a claim based on the Kemark STAMP Indemnity Agreement for Financial Institution Enrollees.

40. Zimbler's fraud is readily apparent.

41. Upon information and belief transferee American Asset Management Services Corporation ("AAMSC") is owned by Zimbler.

42. AAMSC and is not a protected purchaser as defined by § 8-303.

43. As to the 5,000,000 ECOP shares that Zimbler transferred to AAMSC, because it is not a protected purchaser, no § 8-405(a)(2) indemnity bond is required as to those shares in any event.

44. In any event, 5A Del. C. 1953, §§ 8-405(b) over issue is germane only to the 5,000,000 Mergenthaler ECOP, now ENZC'S shares that were transferred to § 8-303 protected purchasers:

| | |
|---|---|
| Sage Market Advisors | 2,500,000 shares |
| OMS Consulting, Inc. | 1,500,000 shares |
| M. Lamar Outz | 1,000,000 shares |

## FIRST CAUSE OF ACTION
### Reissuance of 10,000,000 ENZC Shares to Mergenthaler

45. Mergenthaler restates and reallege paragraphs1 - 44.

46. Mergenthaler's 10,000,000 ECOP, now ENZC, shares were converted by Zimbler and transferred to others.

47. ENZC has issued 2,797,935,953 of its 3,000,000,000 authorized shares. *See,* Ex. A, ENZC's March 31, 2021 Disclosure Statement Pursuant to the Pink Basic Disclosure for the period ending December 31, 2020.

48. ENZC has the capacity to issue an additional 202,064,047 (3,000,000,000-2,797.935,953) shares.

49. The issuance of 10,000,000 of its shares to Mergenthaler will not trigger an overissue, rendering § 8-405(b) moot.

50. The § 8-405(a)(2) bond is not required as Zimbler, ECOP's vice president and director converted Mergenthaler's ECOP shares.

9

51. ENZC should be ordered to reissue to Mergenthaler 10,000,000 of its shares.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Peter Mergenthaler prays for judgment against Defendant Enzolytics, Inc. as follows:

1. That Enzolytics, Inc. reissue 10,000,000 of its common to him;

2. That Peter Mergenthaler is not required to post the indemnity bond contemplated by 5A Del. C. 1953, §§ 8-405(b);

3. For his costs, disbursement and attorney fees incurred in prosecuting this action; and

4. For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

A jury trial is demanded as pursuant to Fed. R. Civ. P. 38.

Dated: August 11, 2021                              **ROBINSON & COLE LLP**

                                                    */s/ Jamie L. Edmonson*
                                                    Jamie L. Edmonson (No. 4247)
                                                    1201 N. Market Street, Suite 1406
                                                    Wilmington, Delaware 19801
                                                    Telephone:  (302) 516-1700
                                                    Facsimile:  (302) 516-1699
                                                    jedmonson@rc.com

                                                    and

Mark J. Kallenbach (*pro hac vice* pending)
2260 Ridge Drive, No. 13
Minneapolis, MN 55416
Telephone: (952)593-3858
Facsimile:   (952) 406-8881
markkallenbach@comcast.net


Attorneys for the Plaintiff