**MARK J. KALLENBACH, ESQ.**
2260 RIDGE DRIVE, SUITE 13
MINNEAPOLIS, MN  55416
———

| | |
|---|---|
| TELEPHONE: | 952-593-3858 |
| MOBILE: | 612-250-2240 |
| FACSIMILE: | 952-406-8881 |

markkallenbach@comcast.net

July 11, 2022

The Honorable Richard G. Andrews                     (*Via ecf filing*)
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9
Room 6325
Wilmington, DE 19801-3555

      In re:  Peter Mergenthaler v. Enzolytics, Inc.
            C.A. NO. 1:21-cv-01163-RGA
            Plaintiff's Letter Response to July 5, 2022 Order to Show Cause

Dear Judge Andrews,

I am writing to address the issues raised by the Court in its July 5, 2022 Order to Show Cause.

Specifically, the Court ordered the Plaintiff to submit a letter no later than July 11, 2022, explaining (1) why the jurisdictional amount is met, and (2) why Plaintiff has a right to a jury trial… . Order to Show Cause, Doc. 21, p. 2.

### ARGUMENT FOR WHY JURISDICTIONAL AMOUNT HAS BEEN MET

Plaintiff Peter Mergenthaler's ("Mergenthaler") claim is that pursuant to 5A Del. C. §§ 8-405, Defendant Enzolytics, Inc. ("ENZC") is legally obligated to [re]issue to Mergenthaler in his name ten million (10,000,000) ENZC shares that he alleges James W. Zimbler stole from him. Complaint, Doc. 1.

As the Court is aware, 28 U.S. Code § 1332 provides that where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, original jurisdiction of all civil actions is with the federal courts.

On August 11, 2021 when Mergenthaler commenced the instant action, ENZC's shares traded for $0.11 per share. Thus, at that time, the value Mergenthaler's ten million (10,000,000) ENZC shares would be $1,100,000 (10,000,000 x $0.11 share). See, attached Ex. A, Kallenbach July 11, 2022 Decl. at Ex. A.

As of July 8, 2022, ENZC's shares traded for $0.0678 per share, meaning the value of Mergenthaler's ten million (10,000,000) would be $678,000 (10,000,000 x $0.0678 share). See, attached Ex. A, Kallenbach July 11, 2022 Decl. at Ex. A.

Mergenthaler's claim meets the jurisdictional threshold amount of $75,000.

## ARGUMENT PERTAINING TO MERGENTHALER'S JURY TRIAL DEMAND

The Seventh Amendment applies to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law."

In *Curtis v. Loether*, 415 U.S. 189, 194 (1974) the Court concluded that:

"A damage action under the statute sounds basically in tort—the statute merely defines a new legal duty and authorizes the court to compensate a plaintiff for the injury caused by the defendants' wrongful breach. . . . [T]his cause of action is analogous to a number of tort actions recognized at common law." *Id.* at 195. *See also, Chauffeurs, Teamsters and Helpers Local 391 v. Terry*, 494 U.S. 558 (1990)(suit against union for back pay for breach of duty of fair representation is a suit for compensatory damages, hence plaintiff is entitled to a jury trial).

In the instant matter, as presently pled, a good faith argument can be made that Mergenthaler is not entitled to a jury trial as his claim is grounded in the application of Delaware's statutory authority. However, the analysis with respect to this issue may not end at this juncture because of a potential action that is the functional equivalent of a tort claim that is spawned in part from the facts that are the subject matter of up this case.

*Shaw v. Empire Stock Transfer Inc.*, 381 F. Supp. 3d 286 (S.D.N.Y. 2019) is an informative opinion that speaks to issue of transfer agent/issuer liability when shares are not timely delivered to its owner.

Based on *Shaw v. Empire Stock Transfer Inc.*, Mergenthaler may have a claim for money damages against ENZC that is directly tied to its wrongful failure to reissue the shares to him; however, that claim has yet to ripen as no shares have been issued to Mergenthaler.

If, at the time ENZC delivers Mergenthaler's shares to him and assuming that the value of the shares are less than the value of the shares when Mergenthaler demanded reissuance of the same; or, if Mergenthaler were to allege that he would have sold his shares for an amount greater than the fair market value of the shares when the same are delivered to him, Mergenthaler would be entitled to a jury trial to compute damages. Mergenthaler's claim would be in the nature of a tort claim for conversion as described in *Shaw v. Empire Stock Transfer Inc*.

Pleading the foregoing money damages claim in good faith is impossible until ENZC either reissues the shares or refuses to issue the same. Because Mergenthaler's understanding is that the demand for a jury trial must be made at the time that the complaint is filed, in the spirit of conservative practice, Mergenthaler made the jury trial demand.

## CONCLUSION

If the Court is satisfied that it has subject matter jurisdiction over this matter, Mergenthaler, who is 81 years old and has health issues is hopeful that the Court will decide ENZC's Motion to Dismiss and Mergenthaler's Motion to Compel ENZC to reissue ten million (10,000,000) ENZC shares to him as is possible.

Dated: July 11, 2022                                                                Respectfully Submitted,

                                                             **ROBINSON & COLE LLP**

                                                             */s/ Jamie L. Edmonson*
                                                             Jamie L. Edmonson (No. 4247)
                                                             1201 N. Market St., Suite 1406
                                                             Wilmington, Delaware 19801
                                                             Telephone: (302) 516-1700
                                                             Facsimile: (302) 516-1699
                                                             jedmonson@rc.com

and,

*/s/Mark J. Kallenbach*
Mark J. Kallenbach (*Pro hac vice*)
2260 Ridge Drive, No. 13
Minneapolis, MN 554
Telephone: (952) 593-3858
Facsimile: (952) 406-8881
markkallenbach@comcast.net

Attorneys for the Plaintiff

4